AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | )    Case No.   3:26-MJ-132 (ML) |
| | ) |
| ROBERT RANDESI, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 4, 2026 in the county of Broome in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| **Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)** | **Possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance** |

This criminal complaint is based on these facts:
See Attached Affidavit

☒    Continued on the attached sheet.

_____
*Complainant's signature*

**Nicholas Marti, Special Agent, FBI**
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    June 11, 2026
_____
*Judge's signature*

City and State:    **Binghamton, New York**        **Hon. Miroslav Lovric, U.S. Magistrate Judge**
_____
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**vs.**<br>**ROBERT RANDESI** | **Case No.:** 3:26-MJ-132 (ML) |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

Your affiant, Nicholas Marti, being first duly sworn, hereby deposes and states as follows:

## I.     INTRODUCTION

1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed for approximately six years and eight months. I am currently assigned to the Albany Field Office, Syracuse Resident Agency.  As part of my duties, I investigate crimes including, but not limited to, robberies, controlled substances, computer-related crime, fraud, public corruption, offenses involving weapons of mass destruction, domestic terrorism, crimes against children, and national security matters. I received training on the proper investigative techniques for these violations, including the application and execution of arrest and search warrants. I have conducted and assisted in criminal investigations and have been involved in the execution of multiple search warrants and arrest warrants. Prior to working as an FBI Special Agent, I was a United States Marine Corps Reservist and a nuclear security officer.

2.     I submit this affidavit in support of a criminal complaint and arrest warrant charging defendant Robert **RANDESI** (hereinafter "**RANDESI**"). This affidavit sets forth facts and evidence demonstrating there is probable cause to believe **RANDESI** has committed a violation of federal law, that is: possession with intent to distribute controlled substances, which violation involves 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

3.      I base this affidavit on my personal participation in the investigation, my conversations with Broome County Special Investigations Unit Task Force (hereinafter BCSIUTF), agents, officers and investigators of state and local law enforcement agencies, and my conversations with and review of past and present reports made by other agents, officers, and investigators. I am familiar with the facts and circumstances of this investigation, as well as the subject of the investigation. My experience in the investigation of narcotics crimes, as well as my participation in the instant investigation, and conversations with other law enforcement officers, will serve as the basis for any opinions or conclusions set forth below. Since this affidavit is being submitted for the limited purpose of providing probable cause to support a criminal complaint against Robert **RANDESI**, I have not included each and every fact known to me concerning this investigation. I set forth only the facts which I believe are necessary to establish probable cause for the complaint.

## II.      PROBABLE CAUSE

4.      On or about May 26th, 2026, Broome County Special Investigations Unit obtained a search warrant from Acting County Court Judge Elizabeth Burns to search a specific address on Olive Street (hereinafter "the building"), in Broome County, in the Northern District of New York.  The warrant also authorized the search of the person of Robert **RANDESI**.

5.      Law enforcement executed the warrant on June 4, 2026.  Upon entry to the building, law enforcement found a large warehouse style setup with machinist/metal fabrication equipment and a living area on the first floor. **RANDESI** was located on the first floor in the equipment/shop portion of the building and subsequently detained. No additional occupants were located within the building. Within the bedroom of the living area (which was the only bedroom in the building), law enforcement located approximately 2 ounces of a substance that field tested positive for methamphetamine. Based on your affiant's training and experience, this is consistent with a distribution quantity of methamphetamine. Furthermore, located in this bedroom area were documents belonging to

**RANDESI**, specifically, identifying his name and address (as the Olive Street building).[1] Law enforcement also identified all articles of clothing in the living area of the building to be consistent with male apparel. The size of the clothing also appeared to be consistent with **RANDESI's** body weight and type. In addition, a currency counter was located in the bedroom (hereinafter **RANDESI's** bedroom).  In the upstairs portion of this building, accessed from **RANDESI's** bedroom, law enforcement observed what they believed was a marijuana grow operation which included several plants that appeared to be marijuana plants; some quantities of dried marijuana were also located within the building.

6.    While searching the machinist shop portion of the building, which included machinist tools and equipment/metal fabricating equipment,[2] members located, in relevant part, a firearm suppressor[3] and what appeared to be methamphetamine residue. Further, a gunsmithing manual was located; the book appeared to provide instruction on how to make firearms.  Additionally, several keys were located during the search of the building.

7.    While searching the building, law enforcement identified a locked door in the shop that was accessible to the shop, which a key located in the building fit. Members of law enforcement opened the door finding a room where they located an AR-15 style weapon and a ghost gun handgun with a loaded magazine in an unlocked guitar style container. The loaded magazine was not inserted

---

[1] Through subsequent witness interviews, law enforcement determined that **RANDESI** owns the building.

[2] Your affiant has knowledge that firearms traffickers often utilize industrial grade metal fabrication tools, consistent with tools of this type, in order to construct or mill firearm parts.

[3] **RANDESI** is a felon based on two prior felony convictions in New York :  Criminal Possession of Marihuana 2nd Degree (Aggregate Weight More than 16 Ounces) on or about March 13, 2012 where he was sentenced to five years probation (on or about June 15, 2012) and Attempted Criminal Possession of a Weapon 3rd: Bomb/Silencer/Machine-gun, where he was sentenced to five years probation on or about June 27, 1997. Therefore, upon information and belief, he cannot lawfully possess firearms or ammunition.

into the ghost gun handgun but was in the same case and within close proximity of both firearms. These weapons were in close proximity to a large safe in the room, consistent with use of these firearms for protection. Your affiant is aware drug traffickers will often arm themselves with firearms to further protect their narcotics supply from law enforcement and other drug traffickers.

8.      The large safe was identified as a "Kaso Sterling" safe.[4]  Within the same room as the safe were also, in relevant part, lower receivers in different stages of manufacturing, and miscellaneous gun parts.  During the search of the building, law enforcement also located two keys that appeared to access the safe. However, based on the design of the safe, a combination was required in addition to the keys to gain access. After several hours of attempting to access the safe, the safe was removed and placed on a tow truck and transported to Johnson City Police Department.

9.      On June 5th, 2026, Broome County Special Investigations Unit obtained an additional search warrant from an Acting Broome County, New York County Court Judge for the safe. Multiple attempts to gain access to the safe were attempted but were unsuccessful given the safe was made from concrete, steel, and other various layers of protection.

10.      On June 8th, 2026, out of an abundance of caution, Broome County Special Investigations Unit obtained an additional search warrant from a Broome County, New York County Court Judge for the safe. Multiple attempts were made to access the safe. On June 9th, 2026, members of the Johnson City Department of Public Works and members of the Broome County Special Investigations Unit responded to Johnson City Police Department and were able to gain access inside the safe utilizing various commercial/industrial grade tools. Once inside the safe, law enforcement

---

[4] Kaso Sterling safes are identified as high security safes. They are known for specific rating features and heavy-duty composite. They are commonly thousands of pounds in weight due to their design. Based on your affiant's training and experience, drug traffickers and firearm distributors commonly invest in resilient, large, and heavy safes to deter law enforcement and other drug traffickers from gaining access to their narcotics supply or firearms supply.

located, in relevant part, approximately, over twenty (20) pounds of a substance that field tested positive for methamphetamine, $24k in cash, two (2) ghost handguns, four (4) AR-15 style rifles, packaging, suppressors, and various gun parts. These items were seized. In addition, an identification belonging to **RANDESI** and a relative of **RANDESI** were located inside of the safe.

11.     The Broome County Special Investigations Unit Task Force subsequently arrested Robert **RANDESI** and he was charged with New York State Penal Law offenses.

### III.     CONCLUSION

12.     In light of the foregoing, I respectfully submit that there is probable cause to believe that on June 4, 2026, **RANDESI** possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). I respectfully request that the Court authorize the filing of this complaint and the issuing of an arrest warrant so that the defendant may be charged and brought to court for further proceedings in accordance with the law.

ATTESTED TO BY THE AFFIANT

Nicholas Marti
Special Agent
Federal Bureau of Investigation

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by videoconference in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure

Hon. Miroslav Lovric
U.S. Magistrate Judge